Maurice John WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–307–CR.

Court of Appeals of Texas.
Corpus Christi.

May 20, 1993.

Kenneth D. Carden, Las Colinas, for appellant.

John C. Vance, Crim. Dist. Atty., Michael J. Sandlin, Asst. Dist. Atty., Dallas, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

### GILBERTO HINOJOSA, Justice.

Appellant pleaded guilty before a jury to involuntary manslaughter, and the jury sentenced appellant to two and one-half years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. By one point of error, appellant complains that the trial court failed to admonish him as to the range of punishment. We affirm.

Appellant, Maurice John Wright, was involved in an automobile collision on December 12, 1991, at 10:00 p.m. on Northwest Highway in Dallas, Texas. An accident investigator with the Irving Police Department testified that appellant ran a red light, colliding with the other car on the driver's side, killing the driver. Appellant's blood alcohol level was 0.16 at the jail, and 0.14 at Parkland Hospital.

Appellant testified that he had consumed six alcoholic beverages throughout the day of December 12, 1991, and was intoxicated at the time of the accident. Those six drinks were the first alcoholic drinks he had consumed in three years. Appellant testified that he went to Alcoholics Anonymous for help, but that he did not think he was an alcoholic.

Appellant argues that he was not properly admonished as to the range of punishment for the offense charged as required by art. 26.13(a)(1) TEX.CODE CRIM.PROC. ANN. Because this is a sufficiency point of error, the Rules of Appellate Procedure required appellant to present sufficient portions of the record to demonstrate reversible error. TEX.R.APP.P. 50(d); *Greenwood v. State,* 823 S.W.2d 660, 661 (Tex.Crim. App.1992); *O'Neal v. State,* 826 S.W.2d 172, 173 (Tex.Crim.App.1992).

Based on the record before us, we agree that appellant was not properly admonished. However, appellant has not brought before this court a complete record of the pertinent hearings. On March 10, 1992, the trial judge stated to appellant, "You have pled guilty and also applied for probation, which means a jury is going to have to decide the issue. *We talked about that last Friday,* probation is not something that I can consider in this case, you understand, even on a plea of guilty." The docket sheet reflects that on March 6, 1992, a Friday, "Plea commenced." Thus, it is quite possible that the trial judge admonished appellant as to the range of punishment on March 6, 1992. However, because we have no record before us reflecting what transacted at that hearing, we cannot determine whether appellant was sufficiently admonished. TEX.R.APP.P. 50(d); *O'Neal,* 826 S.W.2d at 173; *Greenwood,* 823 S.W.2d at 661. Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.