**James DREW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–96–0214–CR.**

Court of Appeals of Texas,
Amarillo.

Feb. 27, 1997.

admonish him as required by art. 42.12, § 5(a) of the Texas Code of Criminal Procedure. Whether the purported omission was *in toto* or with regard to specific admonishments is unknown for appellant does not explain that. Nor does our own review of the record answer the question since a statement of facts encompassing the plea hearing was omitted from the record. Under that circumstance, we "cannot determine whether appellant was sufficiently admonished." *Wright v. State,* 855 S.W.2d 169, 170 (Tex. App.—Corpus Christi 1993, no pet.); *accord, Anderson v. State,* 930 S.W.2d 179, 182 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding that "without a record of all of the plea proceedings, we cannot determine whether Anderson's plea was involuntary").[2]

Moreover, the judgment states that appellant was "given all admonishments required by law." Consequently, we are obligated to presume that the recitation is accurate until the complainant shows otherwise. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App. 1984). And, appellant has not provided us with any evidence with which to overcome that presumption.

Earl Griffin, Jr., Williams & Griffin, Childress, for appellant.

Randall C. Sims, Childress County District Attorney, Childress, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

QUINN, Justice.

James Drew, appellant, pled guilty to the offense of forgery. The court deferred his adjudication and placed him on community supervision. Before the expiration of appellant's community supervision, the State moved to adjudicate him guilty. The court complied, adjudicated appellant guilty of forgery and sentenced him to prison. In his "traditional brief of 'arguable' points of error,"[1] appellant decries the voluntariness of his initial guilty plea, the sufficiency of the order placing him on community supervision, and the sufficiency of the evidence underlying the court's decision to adjudicate him guilty. We overrule each point and affirm and dismiss in part.

### Voluntariness of the Plea

■ Appellant alleges that his plea was involuntary because the trial court did not

### Sufficiency of Evidence Warranting Adjudication of Guilt

■ To the extent that appellant contends the court erred in adjudicating him guilty because the State failed to prove he violated a condition of his community supervision, we lack jurisdiction to consider the argument. Simply put, the trial court's decision to adjudicate appellant guilty is not subject to appeal. *Tex.Code Crim.Proc.Ann.* art. 42.12, § 5(b); *Phynes v. State,* 828 S.W.2d 1, 1–2 (Tex.Crim.App.1992).

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

1. Despite appellant's references to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he noted that his points of error were "arguable." Thus, he opted to file a "traditional," as opposed to an *Anders,* brief.

2. *Contra, Hernandez v. State,* 885 S.W.2d 597, 601 (Tex.App.—El Paso 1994, no pet.) (disagreeing with the proposition that the failure to pro-

vide the statement of facts of the plea hearing constitutes waiver regarding voluntariness of the plea). *Hernandez* poses an interesting quandary. Article 26.13(d) of the Texas Code of Criminal Procedure authorizes the trial court to admonish the defendant either orally or in writing. Yet, if the appellate record lacks a transcription of the plea hearing, how can the appellate court negate the possibility that the admonishments were made orally? Sadly, the El Paso court does not answer that.

### Sufficiency of Order Placing Appellant on Community Supervision

To the extent that appellant contends the court erred in adjudicating him guilty because it failed to sufficiently notify him of the terms of his community supervision, we lack jurisdiction to consider the argument for the reasons stated in the preceding paragraph. To the extent that he questions whether the judgment which deferred his adjudication and expressed the terms of his supervision sufficiently notified him of a particular term, we find no error.

The condition in question required appellant to inform the Probation Department of his compliance with the terms of his probation. The trial court ordered him to do so monthly either "in person or in writing." According to appellant, however, it failed to provide him "any notice of any address to which he could mail written reports." Yet, the order specifically directed him to report to the "Probation Department, Memphis, Texas." Moreover, he admitted that he knew this to mean the Probation Department at the courthouse in that town. So too did he admit not only that the forms he secured in order to comply contained the "address" but that he actually mailed several of the completed forms to the department at its Memphis, Texas location.

■ Admittedly, the conditions of one's probation should be sufficiently specific to tell the probationer of what is expected of him, *Simpson v. State,* 772 S.W.2d 276, 278 (Tex.App.—Amarillo 1989, no pet.), and of what he is to do. *Curtis v. State,* 548 S.W.2d 57, 58 (Tex.Crim.App.1977). Yet, the specificity contemplated is not that of an engineer drafting blueprints for a computer or a physicist invoking mathematics to measure the size of a quark. Instead, it is one of reasonableness, and we conclude that the directive at issue fell within that zone.

■ Appellant was told of the entity to report to and the town in which that entity existed. That he actually complied, on occasion, with the directive illustrates the data imparted was not unreasonably vague. *See Perkins v. State,* 504 S.W.2d 458, 462 (Tex. Crim.App.1974) (overruled on other grounds)

(holding that the fact of the probationer's compliance with the directive showed that he was not misled). In sum, the court gave him reasonably sufficient notice of the locale at which he had to report. That the court did not also tell him of the block, street, floor, room or zip did not render the order unenforceable, nor did the fact that appellant may have had to peruse a phone book to obtain the mailing address.

Accordingly, the points attacking the trial court's decision to adjudicate appellant's guilt are dismissed. *Phynes v. State, supra.* In all other respects, the judgment is affirmed.