NO. 07-00-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2001

______________________________

JOE ANGEL CASTILLO,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 181
st
 DISTRICT COURT OF POTTER COUNTY;

NO. 36810-B; HON. SAMUEL KISER, PRESIDING

________________________________

Before Boyd, C.J., and Quinn and Reavis, JJ.

Joe Angel Castillo appeals from a judgment under which he was convicted of aggravated assault with a deadly weapon.  Through one point of error, appellant argues that the trial court erred in removing him from community supervision and adjudicating him guilty since he was not properly admonished prior to pleading true to two allegations in the State’s motion to adjudicate guilt.  We dismiss for want of jurisdiction.

Appellant plead guilty to the aforementioned offense.  However, the trial court deferred adjudicating him guilty of same and, rather, placed him on community supervision.  Thereafter, the state moved to adjudicate him guilty, alleging approximately six grounds in support of its motion.  A hearing was held at which the appellant, through his counsel, admitted that two of the grounds were true.  Ultimately, the trial court found that five of the grounds were substantiated, granted the motion, and adjudicated appellant guilty.

Appellant attacks the adjudication because the trial judge did not admonish him of the effect of his pleading true to two of the allegations contained in the state’s motion to adjudicate.  This is nothing more than an appeal from the court’s determination to adjudicate appellant guilty.  Consequently, we have no jurisdiction over the point.  
Drew v. State
, 942 S.W.2d 98, 99 (Tex. App.–Amarillo 1997, no pet.); 
see
 
Tex. Code Crim. Proc. Ann
.
 art. 42.12, § 5(b) (Vernon Supp. 2001) (stating that “[n]o appeal may be taken from this determination”).

Accordingly, we dismiss the appeal for want of jurisdiction.

Brian Quinn

   Justice

Do not publish.