NO. 07-99-0372-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2001

______________________________

CHAD MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4174; HONORABLE DAVID M. MCCOY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Chad Moore presents four issues challenging the judgment of the trial court finding him guilty of burglary of a habitation with intent to commit sexual assault and the resulting punishment of 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $2,500.  Appellant originally received deferred adjudication on the charge which was revoked and, upon adjudication, the above sentence was assessed.  In his first two issues, appellant claims he was deprived of due process of law as guaranteed by the federal constitution and due course of law as guaranteed by the state constitution because the trial court “adjudicated him guilty based upon violation of a condition not contained in [his] order of deferred adjudication.”  In his third and fourth issues, he argues “the trial court exceeded its jurisdiction when it adjudicated” him guilty based upon 3) a violation of a condition not contained in his probation order, and 4) the invalid judgment.

Recently, the Court of Criminal Appeals had occasion to revisit the question of the right of appeal from an adjudication of guilt after a plea bargained original grant of deferred adjudication.  
Vidaurri v. State
, Slip. Op. No. 151-99, ___ S.W.3d ___ (Tex.Crim.App. 2001).  As relevant here, with the exception of a right to a separate punishment hearing if timely requested, the court held an appellant’s right to appeal a decision to proceed to adjudication was subject to the requirements set out in Texas Rule of Appellate Procedure 25.2(b).  
Vidaurri
, slip op. at 4.  Specifically, that rule provides:

(b) 
Form and Sufficiency of Notice
.

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party’s desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant’s plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b).  Although its impact was not discussed by the 
Vidaurri
 court, we also note that article 42.12, section 5(b) of the Code of Criminal Procedure provides that “[n]o appeal may be taken from this determination [to adjudicate guilt].”  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001).

Appellant only filed a general notice of appeal.  That being true, he has failed to comply with the mandatory requisites of Rule of Appellate Procedure 25.2(b)(3), we have no jurisdiction to entertain his appeal, and it must be, and is hereby, dismissed. 
 See
 
Phynes v. State, 
828 S.W.2d 1, 1-2 (Tex.Crim.App. 1992); and 
Drew v. State
, 942 S.W.2d 98, 99 (Tex.App.–Amarillo 1997, no pet.). 

John T. Boyd

 Chief Justice

Do not publish.