NO. 07-04-0114-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 12, 2004


______________________________



BENJAMIN P. JOHNSON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433,250; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Benjamin P. Johnson (appellant) appeals from a judgment adjudicating him guilty
of aggravated sexual assault. Via two issues, he contends that 1) the State "failed to prove
that the person in court was the person who engaged in the conduct alleged in the Third
Amended Motion to Proceed with Adjudication of Guilt and was the same person placed
on deferred adjudication" and 2) the trial court erred in admitting "Hearsay Evidence" in
finding that appellant had violated his probation. We dismiss for lack of jurisdiction.

 Appellant originally pled guilty to the indictment charging him with aggravated sexual
assault. The trial court deferred the adjudication of his guilt for the crime and instead
placed him on community supervision for ten years. Subsequently, the State moved to
adjudicate his guilt. The trial court granted the motion, adjudicated appellant guilty of the
assault, and assessed a sentence of 25 years in prison. 

 In questioning whether the State presented sufficient evidence illustrating that
appellant 1) was the person whose adjudication of guilt was originally deferred and 2)
violated the terms of his community supervision, appellant implicitly attacks the decision
to adjudicate his guilt. This is so because whether the trial court had before it the right
defendant and whether that defendant did something to warrant the denial of further
community supervision are clearly part of the court's decision to proceed with an
adjudication of that person's guilt. And, because we have no jurisdiction over appeals
involving the "determination by the [trial] court of whether it proceeds with an adjudication
of guilt on the original charge," Tex. Code Crim. Proc. Ann. art. 42.12, §5(b) (Vernon
Supp. 2004-2005), and that has been construed to mean error arising "in the adjudication
of guilt process, Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), we must
dismiss the appeal. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Drew v.
State, 942 S.W.2d 98, 99 (Tex. App.--Amarillo 1997, no pet.).

 Accordingly, the appeal is dismissed for want of jurisdiction. 


 Brian Quinn 

 Justice 



Publish. 



nter">V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,025; HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Vicente Casas, appeals his conviction for the offense of burglary of a
habitation with intent to commit sexual assault and the resulting punishment of 50 years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Through three issues, appellant contends that the evidence was both legally and factually
insufficient and that if appellant is guilty of a crime it is the lesser included offense of
criminal trespass. Concluding that appellant’s positions are incorrect, we affirm the
judgment of the trial court.
Factual and Procedural Background
          On November 9, 2005, at approximately 3:00 a.m., Lenice Littlejohn awoke to find
appellant standing near her side of the bed in her bedroom. Upon realizing that the person
standing there was neither her son or her husband, Lenice woke her husband, Steve
Littlejohn, telling him someone was in the room. As soon as Steve realized what was
taking place, he jumped across the bed and accosted appellant. Steve quickly subdued
appellant and, upon turning on a light in the bedroom, discovered appellant was nude
except for socks and a condom. Steve tied appellant’s hands behind his back and took
him downstairs, sitting him on the front porch while awaiting the arrival of the Lubbock
County Sheriff’s deputies. Within moments of being downstairs and sat on the porch,
appellant got free and escaped from Steve. A deputy sheriff later found appellant hiding
in a tree line near the Littlejohn’s home. 
          Deputy sheriffs recovered all of appellant’s clothing, personal items including ten
unopened packages of condoms, and identification at the scene. Appellant’s shoes were
found immediately beside the door going into the bedroom of Lenice and Steve. 
Appellant’s clothes were found at the foot of the bed. A condom was found on the grass
immediately next to the porch where appellant had been taken to await the arrival of the
deputies.
          At the conclusion of the testimony but before the reading of the court’s charge,
appellant requested that the trial court include a charge on the lesser included charge of
criminal trespass. The trial court granted this request, however, the jury rejected the lesser
included offense and found appellant guilty of the offense of burglary of a habitation with
intent to commit sexual assault. The appellant elected to go to the trial court for
punishment and the judge, after hearing evidence on the issue of punishment, assessed
appellant’s punishment at confinement for a period of 50 years in the Institutional Division
of the Texas Department of Criminal Justice. It is from this judgment and sentence that
appellant appeals. We affirm.
Legal and Factual Sufficiency
          Appellant contends that the evidence is legally and factually insufficient to prove
appellant either committed a sexual assault or attempted to commit a sexual assault. 
Initially, we note that appellant was not charged with burglary by entering a habitation and
committing or attempting to commit a sexual assault. See Tex. Penal Code Ann. §
30.02(a)(3) (Vernon 2005).


 Rather, appellant was charged with burglary of a habitation
with intent to commit sexual assault. See § 30.02(a)(1). We further note, the court’s
charge defined the offense as burglary of a habitation with intent to commit sexual assault
and appellant did not object to this charge. We will however, review the legal and factual
sufficiency of the evidence for the offense charged.
Standard of Review
          Appellant challenges both legal and factual sufficiency. Therefore, we are required
to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find
the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. 
See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).
          In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency
of the evidence against a hypothetically correct jury charge. See Malik v. State, 953
S.W.2d 234, 240 (Tex.Crim.App. 1997).
          When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 417. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has
recently declared that when reviewing the evidence for factual sufficiency, the reviewing
court should measure the evidence in a neutral manner “against a hypothetically correct”
jury charge. Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v.
State, 273 S.W.3d 260, 260-61 (Tex.Crim.App. 2008)).
Legal Sufficiency Analysis
          Appellant’s contention regarding the legal sufficiency of the evidence is that the
evidence was insufficient to prove a completed or attempted sexual assault. As stated
above, appellant was charged with burglarizing the habitation with intent to commit sexual
assault. As charged by indictment, intent is an essential element of burglary in the case
before us. See §30.02(a)(1); see also McGee v. State, 923 S.W.2d 605, 608 (Tex.App.–
Houston [1st Dist.] 1995, no pet.). As such it must be proved beyond a reasonable doubt. 
Id. The intent can be inferred from the acts, words, and conduct of the appellant. See
Wilkins v. State, 279 S.W.3d 701, 704 (Tex.App.–Amarillo 2007, no pet.) (citing Beltran v.
State, 593 S.W.2d 688, 689 (Tex.Crim.App. 1980)).
          The facts before us show that appellant entered the home of the victims at or near
3:00 a.m. and did so in such a manner as to arouse no one, not even the family dog. 
Further, the record reflects he did not have consent to be in the home. Additionally, upon
entering the home, appellant stopped and took his shoes off outside the door to the
bedroom of Lenice and Steve. As appellant approached Lenice’s side of the bed,
appellant disrobed completely and placed a condom over his penis. Of course he was
prevented from acting further when Lenice was awakened. When we review all of the
above evidence in the light most favorable to the jury’s verdict, we cannot say that the jury
acted irrationally in finding that the appellant entering the habitation with the intent to
commit sexual assault. Accordingly, appellant’s issue regarding the legal sufficiency of the
evidence is overruled.
Factual Sufficiency Analysis
          This same evidence, even when viewed in a neutral light, still leads to the
conclusion that the jury was acting rationally when it found appellant guilty beyond a
reasonable doubt of burglary of a habitation with intent to commit sexual assault. Watson,
204 S.W.3d at 415. We are required to discuss the evidence that appellant contends casts
doubt on the jury’s decision. See Sims, 99 S.W.3d at 603. Appellant points to no
particular evidence that casts doubt on the jury’s decision, rather, he continues to point to
the fact that there was no completed or attempted sexual assault. This position in no way
relates to the element of intent and does nothing to undermine the confidence of the court
in the jury’s verdict. Watson, 204 S.W.3d at 415. Accordingly, appellant’s issue regarding
the factual sufficiency of the evidence is overruled.
Guilty of Only the Lesser Included Offense
          Appellant’s final issue contends that the appellant is guilty of only the lesser included
offense of criminal trespass. As the State points out, this is simply an attempt by appellant
to attack the sufficiency of the evidence convicting him of burglary of a habitation with
intent to commit the offense of criminal trespass. As such, this argument has been
answered above. Appellant’s third issue is overruled.
Conclusion
          Having overruled appellant’s issues, the judgment of the trial court is affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







 











Do not publish.