NO. 07-04-0114-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 12, 2004

______________________________

BENJAMIN P. JOHNSON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433,250; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Before QUINN, REAVIS, and CAMPBELL, JJ.

Benjamin P. Johnson (appellant) appeals from a judgment adjudicating him guilty of aggravated sexual assault.  Via two issues, he contends that 1) the State “failed to prove that the person in court was the person who engaged in the conduct alleged in the Third Amended Motion to Proceed with Adjudication of Guilt and was the same person placed on deferred adjudication” and 2) the trial court erred in admitting “Hearsay Evidence” in finding that appellant had violated his probation.  We dismiss for lack of jurisdiction.

Appellant originally pled guilty to the indictment charging him with aggravated sexual assault.  The trial court deferred the adjudication of his guilt for the crime and instead placed him on community supervision for ten years.  Subsequently, the State moved to adjudicate his guilt.  The trial court granted the motion, adjudicated appellant guilty of the assault, and assessed a sentence of 25 years in prison.  

In questioning whether the State presented sufficient evidence illustrating that appellant 1) was the person whose adjudication of guilt was originally deferred and 2) violated the terms of his community supervision, appellant implicitly attacks the decision to adjudicate his guilt.  This is so because whether the trial court had before it the right defendant and whether that defendant did something to warrant the denial of further community supervision are clearly part of the court’s decision to proceed with an adjudication of that person’s guilt.  And, because we have no jurisdiction over appeals involving the “determination by the [trial] court of whether it proceeds with an adjudication of guilt on the original charge,” 
Tex. Code Crim. Proc. Ann
. art. 42.12, §5(b) (Vernon Supp. 2004-2005), and that has been construed to mean error arising “in the adjudication of guilt process, 
Connolly v. State
, 983 S.W.2d 738 (Tex. Crim. App. 1999), we must dismiss the appeal.  
Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992);
 Drew v. State
, 942 S.W.2d 98, 99 (Tex. App.--Amarillo 1997, no pet.).

 Accordingly, the appeal is dismissed for want of jurisdiction. 

Brian Quinn 

                                                     Justice 

Publish. remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether the jury executed any notes which were forwarded to the trial court to review and answer;

2.  if such notes were executed, whether the trial court responded to them; and,

3.  if such notes and responses were made, whether they can be located and included in the appellate record. 

 

If such notes and responses were made but cannot be found, the trial court is also directed to 1) determine whether the contents of the missing jury notes and responses can be accurately re-created, 2) re-create the contents of both the notes and responses, if possible, and 3) include their re-creation in a supplemental clerk’s record pursuant to Rule 34.5 (e) of the Texas Rules of Appellate Procedure.  

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law alluded to as well as any re-creation of the notes and responses it derived and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before February 13, 2004.  Should additional time be needed to perform these tasks, the trial court may request same on or before February 13, 2004.  

Finally, all briefing deadlines are stayed until further order from the court. 

It is so ordered. 

Per Curiam 

Do not publish.