NO. 07-05-0013-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 28, 2005



______________________________




LEMUEL FOTHERGIL AND J & L BAIL BONDS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF OCHILTREE COUNTY;



NO. 2384; HONORABLE KENNETH RAY DONAHUE, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 On January 14, 2005, the clerk of this court received a copy of a Notice of Appeal 
filed on behalf of appellants Lemuel Fothergil and J & L Bail Bonds. By letter dated
January 14, 2005, the clerk advised counsel for appellants that a filing fee had not been
received, see Tex. R. App. P. 5. The clerk's letter likewise advised that failure to pay the
filing fee may result in dismissal of the appeal. See Tex. R. App. P. 42.3(c). 

 The filing fee has not been paid. Accordingly, this appeal is dismissed. Tex. R. App.
P. 42.3(c).

 James T. Campbell

 Justice





lished law bars us from considering the matter. 
According to Manuel v. State, 994 S.W.2d 658, 661-662 (Tex.Crim.App. 1999), one cannot
appeal issues related to the original plea hearing after his guilt has been adjudicated. Id.
at 662; Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Crim.App. 2001).

 Nor can one appeal the decision to adjudicate guilt. Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2004). Additionally, the scope of that rule encompasses error
arising "in the adjudication of guilt process." Connolly v. State, 983 S.W.2d 738
(Tex.Crim.App. 1999). Since the admissibility of the evidence considered by the trial court
at the adjudication hearing is a matter arising in that process, we have no jurisdiction to
consider it.

 Having no jurisdiction over either issue, we must dismiss the appeal for want of
jurisdiction. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); Drew v. State, 942
S.W.2d 98, 99 (Tex.App.-Amarillo 1997, no pet.).

 James T. Campbell

 Justice



Do not publish.