NO. 07-03-0511-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 31, 2005



______________________________



GUSTAVO PENA, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6284; HONORABLE STEVEN R. EMMERT, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Gustavo Pena, Jr. appeals the adjudication of his guilt for the offense of
possession of a controlled substance. In two issues, he contends the evidence is
insufficient to establish his guilt for the original charge and the trial court erred in admitting
hearsay statements at the adjudication hearing. We dismiss for want of jurisdiction.

 Appellant originally pled guilty to the charge of possessing a controlled substance. 
The trial court found the evidence sufficient to support a finding of guilt but deferred
adjudication of guilt and placed him on community supervision for eight years. 
Subsequently, the State moved to adjudicate appellant's guilt. The trial court granted the
motion, adjudicated appellant guilty and assessed punishment of five years in prison.

 To the extent that appellant now questions the evidence underlying the evidence of
his guilt for the original charge, established law bars us from considering the matter. 
According to Manuel v. State, 994 S.W.2d 658, 661-662 (Tex.Crim.App. 1999), one cannot
appeal issues related to the original plea hearing after his guilt has been adjudicated. Id.
at 662; Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Crim.App. 2001).

 Nor can one appeal the decision to adjudicate guilt. Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2004). Additionally, the scope of that rule encompasses error
arising "in the adjudication of guilt process." Connolly v. State, 983 S.W.2d 738
(Tex.Crim.App. 1999). Since the admissibility of the evidence considered by the trial court
at the adjudication hearing is a matter arising in that process, we have no jurisdiction to
consider it.

 Having no jurisdiction over either issue, we must dismiss the appeal for want of
jurisdiction. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); Drew v. State, 942
S.W.2d 98, 99 (Tex.App.-Amarillo 1997, no pet.).

 James T. Campbell

 Justice



Do not publish. 



Clerk of this Court. 
Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary
orders it may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental record of the
hearing shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by Friday, December 30, 2005.

 It is so ordered.


 Per Curiam



Do not publish.