NO. 07-03-0511-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2005

_____

GUSTAVO PENA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6284; HONORABLE STEVEN R. EMMERT, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Gustavo Pena, Jr. appeals the adjudication of his guilt for the offense of possession of a controlled substance. In two issues, he contends the evidence is insufficient to establish his guilt for the original charge and the trial court erred in admitting hearsay statements at the adjudication hearing. We dismiss for want of jurisdiction.

Appellant originally pled guilty to the charge of possessing a controlled substance. The trial court found the evidence sufficient to support a finding of guilt but deferred

adjudication of guilt and placed him on community supervision for eight years. Subsequently, the State moved to adjudicate appellant's guilt. The trial court granted the motion, adjudicated appellant guilty and assessed punishment of five years in prison.

To the extent that appellant now questions the evidence underlying the evidence of his guilt for the original charge, established law bars us from considering the matter. According to *Manuel v. State*, 994 S.W.2d 658, 661-662 (Tex.Crim.App. 1999), one cannot appeal issues related to the original plea hearing after his guilt has been adjudicated. *Id.* at 662; *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex.Crim.App. 2001).

Nor can one appeal the decision to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004). Additionally, the scope of that rule encompasses error arising "in the adjudication of guilt process." *Connolly v. State*, 983 S.W.2d 738 (Tex.Crim.App. 1999). Since the admissibility of the evidence considered by the trial court at the adjudication hearing is a matter arising in that process, we have no jurisdiction to consider it.

Having no jurisdiction over either issue, we must dismiss the appeal for want of jurisdiction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Drew v. State*, 942 S.W.2d 98, 99 (Tex.App.–Amarillo 1997, no pet.).

James T. Campbell
Justice

Do not publish.

2