NO. 07-06-0318-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 24, 2008


______________________________



NOE GERMAN VARELA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 16,559-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Noe German Varela appeals from an order revoking his community
supervision, adjudicating him guilty of possession of methamphetamine, a controlled
substance, and imposing a sentence that includes confinement in the Institutional Division
of the Texas Department of Criminal Justice for a period of eighteen years. By his sole
point of error, appellant contends that his pleas of true to allegations contained within the
State's motion to revoke were not made knowingly and voluntarily. We will dismiss for
want of jurisdiction.

 In November 2004, appellant was charged by indictment with the offense of
possession of a controlled substance, specifically methamphetamine. (1) In June 2005,
appellant plead guilty. The trial court entered an order deferring adjudication and placed
appellant on community supervision for a term of ten years. Appellant's deferred
adjudication was conditioned on his compliance with specified terms and conditions. 

 The State filed its motion to revoke in March 2006. At the hearing on the motion,
appellant entered pleas of "true" to some of the State's allegations and pleas of "not true"
to others. Pursuant to appellant's pleas of "true" and after hearing the evidence presented
at the hearing, the court revoked appellant's community supervision and sentenced him
as we have noted. Appellant timely appealed.

 Appellant's point of error presents the contention his pleas of true to the State's
allegations in its motion to revoke were not knowingly and voluntarily made, because the
trial court did not admonish him at the time on the range of punishment or as to certain of
his rights. 

 The State initially argues applicable law bars us from considering the point. (2) We
agree with the State. At the time of appellant's adjudication of guilt, the Code of Criminal
Procedure did not permit appeal of the trial court's determination to proceed to adjudicate
the guilt of a defendant whose adjudication had been deferred. Phynes v. State, 828
S.W.2d (Tex.Crim.App. 1992); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2004). (3) The scope of that rule encompassed claims of error arising "in the adjudication of
guilt process." Connolly v. State, 983 S.W.2d 738 (Tex.Crim.App. 1999). Since the
voluntariness of appellant's pleas of "true" to the State's allegations in the motion to revoke
is a matter arising in that process, we have no jurisdiction to consider it. See Hargrave v.
State, 10 S.W.3d 355, 360 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (op. on reh'g)
(holding that a challenge to the voluntariness of appellant's plea of true to the allegations
in the State's motion to adjudicate guilt seeks review of the trial court's decision to
adjudicate guilt).

 Having no jurisdiction to consider appellant's sole point of error, we dismiss the
appeal for want of jurisdiction. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992);
Drew v. State, 942 S.W.2d 98, 99 (Tex.App.-Amarillo 1997, no pet.).


 James T. Campbell

 Justice



Do not publish.
1. See Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2007). This is a second
degree felony punishable by imprisonment for a term of not more than 20 years or less
than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon
2003). 
2. The State also argues the admonishments appellant references are not required
at the time the court takes a plea on allegations of violations of terms of probation. We do
not address the argument.
3. The adjudication of appellant's guilt occurred before the effective date of Senate
Bill 909, which authorizes appeals from the decision to adjudicate. Act of June 15, 2007,
80th Leg., R.S., Ch. 1308, § 1. 2007 Tex. Gen. Laws-(amending Tex. Code Crim. Proc.
Ann. art. 42.12, § 5).