NO. 07-06-0318-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2008
_____

NOE GERMAN VARELA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16,559-A; HONORABLE HAL MINER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Noe German Varela appeals from an order revoking his community supervision, adjudicating him guilty of possession of methamphetamine, a controlled substance, and imposing a sentence that includes confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of eighteen years. By his sole point of error, appellant contends that his pleas of true to allegations contained within the State's motion to revoke were not made knowingly and voluntarily. We will dismiss for want of jurisdiction.

In November 2004, appellant was charged by indictment with the offense of possession of a controlled substance, specifically methamphetamine.[1] In June 2005, appellant plead guilty. The trial court entered an order deferring adjudication and placed appellant on community supervision for a term of ten years. Appellant's deferred adjudication was conditioned on his compliance with specified terms and conditions.

The State filed its motion to revoke in March 2006. At the hearing on the motion, appellant entered pleas of "true" to some of the State's allegations and pleas of "not true" to others. Pursuant to appellant's pleas of "true" and after hearing the evidence presented at the hearing, the court revoked appellant's community supervision and sentenced him as we have noted. Appellant timely appealed.

Appellant's point of error presents the contention his pleas of true to the State's allegations in its motion to revoke were not knowingly and voluntarily made, because the trial court did not admonish him at the time on the range of punishment or as to certain of his rights.

The State initially argues applicable law bars us from considering the point.[2] We agree with the State. At the time of appellant's adjudication of guilt, the Code of Criminal

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2007). This is a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[2] The State also argues the admonishments appellant references are not required at the time the court takes a plea on allegations of violations of terms of probation. We do not address the argument.

Procedure did not permit appeal of the trial court's determination to proceed to adjudicate the guilt of a defendant whose adjudication had been deferred. *Phynes v. State,* 828 S.W.2d (Tex.Crim.App. 1992); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004).[3] The scope of that rule encompassed claims of error arising "in the adjudication of guilt process." *Connolly v. State,* 983 S.W.2d 738 (Tex.Crim.App. 1999). Since the voluntariness of appellant's pleas of "true" to the State's allegations in the motion to revoke is a matter arising in that process, we have no jurisdiction to consider it. *See Hargrave v. State,* 10 S.W.3d 355, 360 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd) (op. on reh'g) (holding that a challenge to the voluntariness of appellant's plea of true to the allegations in the State's motion to adjudicate guilt seeks review of the trial court's decision to adjudicate guilt).

Having no jurisdiction to consider appellant's sole point of error, we dismiss the appeal for want of jurisdiction. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Drew v. State,* 942 S.W.2d 98, 99 (Tex.App.–Amarillo 1997, no pet.).

James T. Campbell
Justice

Do not publish.

---

[3] The adjudication of appellant's guilt occurred before the effective date of Senate Bill 909, which authorizes appeals from the decision to adjudicate. Act of June 15, 2007, 80th Leg., R.S., Ch. 1308, § 1. 2007 Tex. Gen. Laws–(amending Tex. Code Crim. Proc. Ann. art. 42.12, § 5).