NO. 07-08-0018-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 2, 2009

_____

JENNIFER RENEE WOOD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 40TH DISTRICT COURT OF ELLIS COUNTY;

NO. 29823CR; HON.GENE KNIZE, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jennifer Renee Wood, appeals from an order revoking her community supervision and sentencing her to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Factual and Procedural Background

On September 23, 2005, appellant entered a plea of guilty to the offense of injury to a child in exchange for a recommended sentence of eight years confinement and a fine

of $1,000. The term of confinement was suspended, pursuant to the plea agreement, and appellant was placed on community supervision. Subsequently, on August 23, 2007, the State of Texas filed a motion to revoke appellant's community supervision. The State later filed an amended motion to revoke appellant's community supervision. At the time of the hearing on the State's amended motion to revoke community supervision, the allegations against appellant were that she had failed to:

1) report during the months of March, April, May, and June 2007;
2) pay supervision fees as directed;
3) pay her costs, fine, and restitution as directed; and
4) perform community service when not gainfully employed as directed.

The trial court conducted a hearing on the amended motion to revoke community supervision on November 15, 2007. Appellant entered a plea of not true to all of the allegations contained in the State's amended application to revoke community supervision. After hearing the evidence, the trial court found all allegations to be true and sentenced appellant to confinement for a period of eight years.

By four issues, appellant challenges the trial court's findings. Appellant contends that the trial court erred in finding that she had violated each of the specific terms and conditions of community supervision alleged in the motion to revoke. For the reasons stated below, we disagree with appellant and affirm the trial court's judgment.

Standard of Review

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at 493-94. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). When more than one violation of the conditions of community supervision are found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Leach v. State, 170 S.W.3d 669, 672 (Tex.App.–Fort Worth 2005, pet. ref'd).

Discussion

In the first issue, appellant argues that the trial court abused its discretion in finding that she violated the terms and conditions of probation by failing to report for the months of March, April, May, and June of 2007. Appellant contends that the reporting term in her probation was vague and indefinite and would not support a revocation for violation of that term. In support of the vagueness challenge, appellant cites the court to Harris v. State.

3

<u>Harris v. State</u>, 608 S.W.2d 229, 230 (Tex.Crim.App. 1980). In <u>Harris</u>, the term in question was, "6. Report to the Probation Officer as required."[1] The term in appellant's probation was,

> (4) Report to the Community Supervision Department as directed by the Court or the Supervision Officer at least once each calendar month and obey all rules and regulations of the Ellis County Community Supervision & Corrections Department.

As can be seen, the reporting requirement for appellant is more detailed and does, in fact, inform appellant with sufficient certainty what she was to do. <u>See Chacon v. State</u>, No. 06-98-00106-CR, 1999 Tex. App. LEXIS 6289, at *3-*4 (Tex.App.–Texarkana Aug. 24, 1999, no pet.) (not designated for publication). As in <u>Chacon</u>, appellant was ordered to report a specified number of times at a specified place during a specified period of days. In the case before the court, the record reflects that appellant did, in fact, report in person to the probation department in March 2007. Such reporting as required demonstrates that the information imparted was not unreasonably vague and that appellant knew when and how to report. <u>See Drew v. State</u>, 942 S.W.2d 98, 100 (Tex.App.–Amarillo 1997, no pet.). Furthermore, appellant testified, during cross-examination, that she failed to report in the months of April, May, and June. She also testified that she reported in person during the month of July. In the final analysis, appellant knew where she was to report and how often she was to report, therefore, this term and condition of probation was not so vague or indefinite as to deny her due process. <u>Id</u>. Because we find that the term was not vague

---

[1] All cases cited by appellant contain either "report as required" or "report as directed" language. <u>See Cotton v. State</u>, 472 S.W.2d 526, 527 (Tex.Crim.App. 1971).

or indefinite, the trial court did not abuse its discretion in revoking appellant's probation. Cardona, 665 S.W.2d at 493. We overrule appellant's first issue.

## Appellant's Issues Two, Three and Four

In issues two and three, appellant urges that the defense of inability to pay was raised against the allegation of failure to pay fees and costs. In issue four, appellant contends that the trial court erred in revoking for failure to perform community service because there was still time left on her community supervision for her to perform. We need not consider these issues since one sufficient ground for revocation will support the court's order to revoke probation. Moore, 605 S.W.2d at 926; Leach, 179 S.W.3d at 672.

## Conclusion

Because we find there was no abuse of discretion, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.