

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00298-CR

XAVIER ESTRADA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas,
Trial Court No. 2018,415,321 Honorable Douglas H. Freitag, Presiding

February 17, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is a revocation of community supervision case. In April 2019, Appellant, Xavier Estrada, pleaded guilty to the offense of Burglary of a Habitation and was sentenced to ten years of confinement probated for five years. The trial court's Judgment of Conviction required, among other things, that Appellant comply with certain conditions, stated in relevant part as follows:

> (d) Report to the Supervision Officer as directed. * * *
> Defendant shall report this day in person, and thereafter as
> directed by the Supervision Officer but at least once every

month, in writing, on or before the 21st day of each month hereafter, and each of said days ordered to report is a separate condition of this community supervision; * * *

(m) [S]ubmit a non-dilute urine specimen, or any other specimen, requested to be tested for alcohol, narcotics or dangerous drugs whenever instructed by the Court or the supervision officer. * * *

Three months later, Appellant agreed to an order amending condition (p) of the terms of his community supervision to include the following:

In addition to the condition of supervision currently in effect and as an alternative to imprisonment, it is therefore ordered that the defendant will be committed to the State Contracted Intermediate Sanction Facility pursuant to Article 42.12, Section 18 of the Texas Code of Criminal Procedure, the defendant shall serve a term of confinement and treatment in a State of Texas Contracted intermediate Sanction Facility for a period of not less than 45 days or more than 120 days.

In June 2021, the State filed its first amended motion to revoke, alleging Appellant violated, among other terms, the aforementioned conditions of his community supervision. After holding a hearing in October 2021, the trial court signed a judgment revoking community supervision and assessing ten years of confinement.

**Background**

During the revocation hearing, Maria Mata, Appellant's second supervising probation officer with the Lubbock County Adult Probation Department, took the stand. Mata supervised Appellant beginning June 2, 2021, until the hearing. Before then (beginning in April 2019), Appellant had been supervised by another supervision officer.[1]

---

[1] The State's alleged violations arose while Appellant was under the first officer's supervision.

Relying heavily on the "chronologicals" prepared by her predecessor,[2] Mata testified about Appellant's various failures to comply with the terms of his community supervision.

Appellant's counsel told the court that if Mata was "going to prove up the [chronological] record as a business record, that's fine, and I don't have objections to that." (alteration added). However, counsel did lodge a hearsay objection to Mata reading from the chronologicals without their being admitted into evidence.[3] Mata testified from her review of the chronologicals to the following:

- Appellant did not report to his supervision officer from August 2019 until June 2021;

- Appellant did not submit to a drug test in May 2019; and

- Appellant did not report to the State Contracted Intermediate Sanction Facility despite his agreement to do so.

Mata agreed with Appellant's counsel that she had no knowledge of Appellant's compliance with the terms of community supervision other than what she was reading from the entries "put into our system." On redirect examination, Mata agreed to the following:

- The chronologicals were made by a person who had personal knowledge of those entries at the time of their entry; and

- It is the practice of the Probation Office to enter entries into the chronologicals "whenever anything of note regarding someone on probation is made [sic]."

---

[2] A "chronological" is a document comprised of computer entries made by supervising officers of anything of note occurring regarding a particular supervisee on community supervision.

[3] Appellant objected to Mata's use of information in the chronological as hearsay, hearsay within hearsay, the confrontation clause, the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article 1, Section 10 of the Texas Constitution. His objection was overruled by the trial court and a running objection was allowed.

The trial court determined Appellant violated conditions (d), (m), and (p) of his conditions of community supervision and granted the State's amended motion to revoke. On appeal, Appellant asserts (1) the trial court erred in admitting hearsay evidence and in violation of Appellant's right to confrontation, among other violations;[4] and (2) the trial court abused its discretion because the evidence was insufficient.

**Analysis**

Because a revocation proceeding requires the State to satisfy its burden of proof by a preponderance of the evidence, our review of the order revoking probation is limited to whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duhon v. State*, No. 07-07-00064-CR, 2007 Tex. App. LEXIS 7866, *2–3 (Tex. App.—Amarillo Oct. 2, 2007, no pet.). Evidence of a violation of a single term or condition of community supervision is sufficient to support a trial court's decision to revoke. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]1980).

Similarly, we review the trial court's evidentiary rulings for abused discretion. *Ford v. State*, No. 13-10-00478-CR, 2011 Tex. App. LEXIS 2192, at *3 (Tex. App.—Corpus Christi-Edinburg Mar. 24, 2011, no pet.). So long as the trial court's ruling was within the zone of reasonable disagreement and correct under any theory of law applicable to the case, they must be upheld. *Id.*

---

[4] Appellant did not segregate into separate grounds his complaints based on the United State's Constitution and the Texas Constitution and provide substantive analysis and authorities to support his state constitutional arguments. Thus, he has waived his arguments to the extent they are grounded on the Texas Constitution, and we need not address those arguments. *See Lily v. State*, 365 S.W.3d 321, 326 (Tex. Crim. App. 2012) (citing *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990)).

<u>Objections to Admission of Evidence</u>

In his second issue, Appellant primarily contends the trial court abused its discretion by admitting inadmissible evidence under the hearsay rule and in violation of his right to confrontation. Appellant specifically complains that Mata did not have any personal knowledge regarding the entries and was not the "custodian" of the probation office's records, and the State never offered the chronologicals for admission into evidence.[5]

Hearsay is an out-of-court statement offered for the truth of the matter asserted in the statement; TEX. R. EVID. 801(d), and is generally inadmissible. TEX. R. EVID. 802. However, a record of acts, events, conditions, opinions, or diagnoses is admissible in spite of the hearsay rule if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted business activity;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness * * *; and
>
> (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

TEX. R. EVID. 803(6) (ellipses added). The term "business" under this rule "includes every kind of organized activity whether conducted for profit or not." *Id.* Courts have held that

---

[5] Elsewhere, Appellant adds there is no evidence "that the chronos was [a] record regularly kept for a matter like a failure to report by a supervisee."

a chronological file compiled by a probation officer may be admissible as a business record, even though the testifying witness does not have personal knowledge of the entries in the file, so long as the person who made the entries did have personal knowledge of the facts therein. *Norman v. State*, No. 13-10-00017-CR, 2011 Tex. App. LEXIS 5391, at *5–6 (Tex. App.—Corpus Christi 2011, no pet.) (citing *Simmons v. State*, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978)). The business records exception does not require the State to admit the underlying document as a condition to the witness testifying about its contents. *See Canesco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (discussing business records exception for upholding admission of testimony by probation officer about entries in probation file). *See City of Houston v. Ayala*, 628 S.W.3d 615, 623 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (evidence deemed admissible where party relied on affidavit testimony by operations supervisor who had personal knowledge of business records).

We examine Appellant's challenges to the elements underlying the predicate for the business records exception. Because of its foundational importance, we begin with the fourth element, i.e., that Mata must be either a "custodian or another qualified witness." The rule's use of the disjunctive word "or" undermines Appellant's position that the State was required to prove Mata to be a custodian of the chronologicals. *See, e.g., Bahena v. State*, 634 S.W.3d 923, 929 (Tex. Crim. App. 2021) ("A custodian of records can be a qualified witness. But a qualified witness need not be a custodian of records."); *Canseco*, 199 S.W.3d 440 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that testifying witness for predicate under business records exception "need only have knowledge of how the record was prepared."). We find Mata met the requirements of a

qualified witness based on her personal knowledge about how the chronologicals were prepared and stored.  *See Bahena*, 634 S.W.3d at 928–29 (based on witness's personal knowledge about how inmate calls are recorded and stored, evidence sufficient to establish police sergeant "as either custodian, another qualified witness, or both").  To require the testifying witness to possess personal knowledge of the underlying facts would render unnecessary the purpose of a business records exception.  We hold that the State satisfied element (D).

Second, we find that element (A) was satisfied when Mata affirmatively answered the question of whether the chronologicals were made by a person who had personal knowledge of those entries at the time of their entry.

Third, Appellant did not adequately brief any challenge to element (B), i.e., that the record was kept in the course of a regularly conducted business activity.  Accordingly, we do not address it here.  *See Love v. State*, No. AP-77,085, 2021 Tex. Crim. App. Unpub. LEXIS 187, at *81 (Crim. App. Apr. 14, 2021).

Fourth, Mata affirmatively answered the question of whether it is the practice of the Lubbock County Adult Probation Department to enter entries into the chronologicals "whenever anything of note regarding someone on probation is made [sic]."  Although the question by the State's counsel was no model of clarity, we find that Mata's answer satisfied element (C) in light of her other testimony about the responsibilities of the Probation Department.  Mata testified that one of the responsibilities of Mata and her peers was to supervise offenders who were placed on community supervision, which included recording her contacts with Appellant and other offenders "right then and there"

in the chronologicals document. When asked by Appellant's counsel, Mata testified that all of the matters for which the State sought to revoke Appellant's supervision would be recorded in the chronologicals.

Fifth, regarding element (E) – whether "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness" – Appellant generally complains (as a part of a discussion about hearsay within hearsay)[6] that statements made by others "which are not part of the probation office" may not satisfy the reliability requirement and need to independently qualify under their own hearsay exception.[7] While this may be true in other circumstances, the violations for which Appellant's community supervision was revoked include observations made from within the Lubbock County Adult Probation Department. Moreover, these violations were "unambiguous factual matters and [] not issues susceptible to any degree of subjectiveness by a probation officer." *See Greer v. State*, 999 S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet ref'd) (similar examples of unambiguous factual matters). We reject Appellant's argument that the State failed to meet the elements of the business records exception and find that the court did not abuse its discretion in admitting Mata's testimony.

Appellant also argues that permitting Mata's testimony based on the chronologicals prepared by others violated his right to confrontation. However, this Court has held that a *Crawford-type* right to confrontation "does not apply in the revocation of

---

[6] Appellant fails to explain how discussion of the three violations successfully advanced by the State contain "hearsay within hearsay," or how they deprived him of his rights to due process. *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011).

[7] Appellant does not direct us to any portion of the record in which he argued that Mata's testimony or any particular facts in the chronological are inaccurate or lack trustworthiness.

8

community supervision arena because a revocation proceeding is not considered a stage of a criminal prosecution." *Bluntzer v. State*, No. 07-11-00389-CR, 2012 Tex. App. LEXIS 4455, *6–7 (Tex. App.—Amarillo 2012, pet. ref'd) (citing *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2004, pet. ref'd)). Accordingly, we find the trial court did not abuse its discretion by permitting Mata to testify as to the contents of the chronological.

Sufficiency of the Evidence

Appellant's first issue affirmatively states that "[t]here is no admissible evidence of any violation." We disagree. At the hearing, Mata testified Appellant violated three conditions of his community supervision, by failing to: (1) report to his probation officer as required, (2) submit to at least one required drug test, and (3) report for substance abuse treatment per an agreed order of the court. As noted above, proof of a violation of a single term or condition of community supervision is sufficient to support a trial court's decision to revoke. *Garcia*, 387 S.W.3d at 26; *Moore*, 605 S.W.2d at 926.

Instead, the vast majority of Appellant's complaint about the sufficiency of the evidence proffers excuses for why Appellant may have failed to comply with the terms of his community supervision. No evidence of the same was presented during the hearing. We point out that under the proper standard of review, we are required to view the evidence in a light most favorable to the trial court's ruling. *Valderas v. State*, Nos. 07-21-00111-CR, 07-21-00112-CR, 2022 Tex. App. LEXIS 5907, at *7 (Tex. App.—Amarillo Aug. 15, 2022, no pet. h.). Accordingly, even if there is competing evidence or competing inferences to be drawn from the evidence, we are required to presume the trial court

resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

For example, Appellant complains that the record does not contain a physical address or phone number of where he was to report to his supervising probation officer. He then posits that he "may not have been able to report because of incarceration, poor health, lack of transportation, lack of access to a telephone, or other reasons beyond his control." However, in light of the evidence and the proper standard of review, we reject Appellant's theory that this constitutes insufficient evidence. When he was paroled to the Director of the Lubbock Community Supervision office, Appellant was directed to report to a supervising officer. The record reflects Appellant *did* initially report to his supervising officer for approximately four months, April to August 2019. This evidences the fact that the information imparted was not unreasonably vague and that Appellant knew when and how to report. *Drew v. State*, 942 S.W.2d 98, 100 (Tex. App.—Amarillo 1997, no pet.). *See Truitt v. State*, Nos. 01-07-01062-CR, No. 01-07-01085-R, 01-07-01086-CR, 2009 Tex. App. LEXIS 5249, at *23–24 (Tex. App.—Houston [1st Dist.] July 9, 2009, pet. ref'd) (occasional compliance with reporting requirements shows appellant not confused or uncertain).

Similarly, Appellant also suggests he did not have the financial ability to pay for transportation or telephone services, which he contends are necessary for reporting to his supervising officer and for submitting to drug testing. Appellant overlooks the testimony that he was employed during part of this time; the trial court could reasonably infer that the lack of resources was not the reason for Appellant's lack of compliance. Moreover, Appellant fails to support his defense with any evidence or appropriate citation

10

to legal authority and to the record. TEX. R. APP. 38.1(i).[8] He therefore presents nothing for review. *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011) (citing *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)).

We find that the trial court's order revoking community supervision is supported by sufficient, admissible evidence and that the trial court did not abuse its discretion. *Rickels*, 202 S.W.3d at 763–64. We overrule Appellant's two issues and affirm the judgment of the trial court.

Lawrence M. Doss<br>
Justice

Do not publish.

---

[8] In support, Appellant cites article 26.04(P) of the Texas Code of Criminal Procedure. Article 26.04(P) provides that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent *for the remainder of the proceedings in the case* unless a material change in the defendant's financial circumstances occurs." (Emphasis added). The record reflects Appellant was deemed indigent, counsel was appointed to represent him at trial, and on appeal. This article has no application to periods of community supervision preceding a revocation case.