Mike **ESPINOZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45932.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

**316**

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court to the offense of felony theft on September 17, 1971. Punishment was assessed at five years, but the imposition of sentence was suspended and appellant was placed on probation.

■ Among the conditions of probation was the requirement that appellant "(d) Report to the probation officer as directed; to-wit: Monthly." [1]

Motion for revocation of probation was filed on January 14, 1972, and while numerous violations of probation were alleged, the allegation we deem pertinent to this opinion concerned appellant's alleged failure to report to his probation officer monthly.

On April 14, 1972, after a hearing, the court entered judgment revoking appellant's probation which recited numerous vi-

olations, among which was the violation of the condition "(d) Report to the probation officer as directed; to-wit: Monthly."

Appellant contends that the court abused its discretion in that the evidence was insufficient to support a finding that he had violated the terms and conditions of his probation.

Probation Officer Pierce testified that appellant had only reported one month since he was placed on probation and had missed three months reporting. Pierce said numerous calls were placed to appellant and he talked to members of appellant's family leaving messages with them for appellant to report.

Appellant testified that he knew he was supposed to report to his probation officer but didn't report because he did not want to go without the money he was supposed to pay him.[2] While appellant testified that he was afraid the probation officer would "lock me up" if he didn't report with the money, appellant further testified that he knew that he could report without the money if he had a good reason for not having same. Probation Officer Pierce testified that it had been explained to appellant that he was to report even though he could not pay his probation and restitution payments and that something could be worked out as long as he was in good faith.

Appellant urges that it would be grossly unfair, a violation of due process and an abuse of judicial discretion to revoke probation on the basis of his failure to report to his probation officer.

■ The relationship between probationer and the court is contractual in nature. McDonald v. State, Tex.Cr.App., 442 S.W.2d 386; Glenn v. State, 168 Tex.Cr.R. 312, 327 S.W.2d 763. In the instant case, appellant admits that he has violated a provision of his probation. It was held in

---

1. It would be better if probationers were required to report on a date certain during the month.

2. Judgment of probation required appellant to pay a $10 per month probation fee and a $15 per month restitution fee.

Mitchell v. State, Tex.Cr.App., 482 S.W.2d 221, that where a probationer admits that he has violated a probationary term, such is sufficient for the trial court to revoke probation. Appellant is not being held criminally liable because he failed to report to his probation officer. He is being sent to prison because he was convicted on September 7, 1971, of the offense of felony theft, and has since failed to rehabilitate himself by living up to the terms of probation. See Kelly v. State, Tex.Cr.App., 483 S.W.2d 467 (concurring opinion), and cases cited therein.

Finding that the court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.