**Richard Charles SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57366.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 19, 1978.

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Les S. Eubanks, Jr. and Paul D. Macaluso, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. The court assessed punishment at 22 years.

The record reflects between 9:00 and 9:15 p. m. on May 4, 1975, Marilyn Ragsdale was employed as the manager of a Dairy Queen in Dallas County. She observed three males walk past the drive-in service window, hesitate, and then proceed around the front of the building and enter through the front door. One of the three, identified as co-defendant Jessie Gay, went immediately to the restroom area in back. Another went directly to the drinking fountain. The third, identified as the appellant, approached the witness and employee Jennifer Wilson at the service counter. After placing his order, the appellant pulled a gun and said, "Just be cool." He ordered the cash drawer opened and the money be removed. Jessie Gay, who had gone to the restroom area, left the store and stationed himself near the drive-in window and appeared to be acting as lookout. During the course of the robbery the appellant stated to Ragsdale, "I have a monkey on my back, $100 a day." After the robbery, the appellant, co-defendant Gay, and the third man all fled together.

In three grounds of error, the appellant alleges that the trial court erred in allowing Charles Pierce, the unit supervisor for the probation department of Criminal District Court No. 5 of Dallas County, to testify that on the basis of the probation department's records the appellant was a heroin user.

The appellant had taken the stand in his own defense and testified that he was at home with his wife at the time the robbery occurred. He denied any dependency on narcotics or any use of narcotics. Barbara Simmons, the appellant's wife, supported his alibi and on direct examination denied her husband used narcotics.

■ The complaining witness had testified that during the course of the robbery the appellant stated, "I have a monkey on my back, $100 a day." The appellant and his wife had both denied the appellant used narcotics. Appellant's statement made while he was not under arrest or in custody to the probation department inconsistent with his testimony in court was admissible for purpose of impeachment. See *Cunningham v. State,* 488 S.W.2d 117.

■ This Court has consistently held that the Texas Business Records Act, Art. 3737e, V.A.C.S., is applicable to criminal cases. *Coulter v. State,* 494 S.W.2d 876; *Dalton v. State,* 516 S.W.2d 937. The cases hold that this exception to the hearsay rule is to be liberally construed, provided the proper predicate is laid. *Coulter v. State, supra; Morgan v. State,* 503 S.W.2d 770; *Williams v. State,* 508 S.W.2d 83.

■ Pierce testified that he was unit supervisor of the probation department and that the records were kept in the regular course of business. He also made it clear that although he did not have personal knowledge of the entries, the personnel who made the entries did have personal knowledge of the facts therein. Pierce related that the statements in question by the appellant were made as part of probation interviews and that the entries were made on a day-to-day basis after the interviews. According to Pierce, the probation officer questions every probationer in every report about the use of drugs and appellant's probation record reflected, "He admitted using drugs several times and also the use of heroin."

The proper predicate was laid whereby Pierce could testify from probation department records that appellant had admitted narcotics use to the probation department. Art. 3737e, V.A.C.S.; *Morgan v. State, supra; Coulter v. State, supra.*

No error is shown in the admission of the complained-of testimony.

The judgment is affirmed.