IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00334-CR

 

Lapaca Jefferson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 204th District Court

Dallas County, Texas

Trial Court # F98-54768-Q

 



MEMORANDUM 
Opinion



 

This is an appeal from an order revoking
community supervision for robbery. 
Lapaca Jefferson contends: (1) that the trial court erred in permitting
inadmissible hearsay evidence; and (2) that the trial court abused its
discretion in revoking his community supervision (probation).  We will affirm the revocation order.

FACTS

Jefferson was indicted for aggravated robbery.  In 1998, he pled guilty to the lesser
included offense of robbery.  Pursuant to
a plea bargain, he was sentenced to ten years’ imprisonment, probated for three
years, and a $100 fine as a condition of probation.  In March 2003, the State filed a motion to
revoke probation alleging defendant: (1) did not report to the probation
officer April through July and September 1999, January through May 2000,
October through December 2001, and January through February 2002; (2) failed to
pay court costs, a fine in the amount of $51.25, and probation fees in the
amount of $650.00; (3) failed to perform community service hours; (4) failed to
participate in an anger control counseling program; and (5) failed to
successfully complete a psychiatric evaluation. 
In August 2003, Jefferson pled not true to the allegations of the motion.  The trial court held a hearing and granted
the motion to revoke probation, sentencing Jefferson to five years’ imprisonment.

ISSUE
ONE: HEARSAY

The State called Todd Hill as its
only witness.  Hill did not personally
supervise Jefferson but said he was familiar with the
probationer.  Before testifying, defense
counsel objected, and the State was asked to lay the foundation for admission
of the evidence.  Hill testified that in
every case, in the ordinary course of business, probation officers keep notes
when they meet with probationers and entries are made in the probationer’s
record within 48 hours.  Hill did not
specifically name the probation officers in Jefferson’s case. 
When the State asked Hill to state how Jefferson violated his probation, defense counsel again
objected as to hearsay and was overruled.

Relying on a narrative summary in
the probation file,[1]
Hill testified that: (1) it is customary to make a notation when a probationer
fails to report and there is no record that Jefferson reported for several
months; (2) record of payment of costs and fees is kept in the file and there is
no record that Jefferson paid court costs, the fine, or his probation fees;[2]
(3) it is Jefferson’s responsibility to submit time cards showing community
service hours and there are no time cards in the file; (4) it is customary for the
anger control program to document a probationer’s participation in the program
and there is no such documentation in Jefferson’s file; and (5) the person
performing the psychological evaluation forwards a copy for the record and
there is no copy of an evaluation in Jefferson’s file.  After this testimony, the State asked the
court, without objection by defense counsel, to take judicial notice of Jefferson’s probation file.

Jefferson testified that he never attended the anger
management program, but excuses this failure because he was confused about his
reporting to these classes and believed that the probation department would
communicate with him through the Salvation Army where he was staying.  He also believed that he fulfilled his
community service hours at the Salvation Army. 
He admitted that he missed many of his monthly reporting dates.

Jefferson argues trial court error in admitting Hill’s
testimony at the revocation hearing because Hill could not identify the
specific probation officers who made the entries in the probation file.  The State argues that Hill’s testimony was
properly admitted under the business records exception to hearsay.  See
Tex. R. Evid. 803(6), (7).  The State further argues that it offered
sufficient proof by a preponderance of the evidence to establish more than one of
the alleged violations in the motion to revoke probation.

The burden of proof in a probation
revocation hearing is a preponderance of the evidence.  Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The State must prove that the greater weight
of credible evidence would create a reasonable belief that the defendant has
violated a condition of his probation.  Scamardo v. State, 517 S.W.2d 293, 298
(Tex. Crim. App. 1974).  Appellate review
of a revocation is abuse of discretion.  McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980).  A court does not
abuse its discretion in revoking probation if one violation is proven.  Id. at 200; Dunn
v. State, 997 S.W.2d 885, 887 (Tex. App.—Waco 1999, pet. ref’d).

A probation record has probative
value in a revocation proceeding and constitutes evidence of facts or non-facts
recited in the record.  Hardman v. State, 614 S.W.2d 123, 128
(Tex. Crim. App. 1981).  If a witness
testifies that the records were kept in the regular course of business and the
officers who made the entries did have personal knowledge of the fact, the
proper predicate has been laid where the witness can testify from the probation
record.  Simmons v. State, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978).  The testifying witness for a business record
need not be the person who created the record or even have personal knowledge
of its contents.  Desselles v. State, 934 S.W.2d 874, 876 (Tex. App.—Waco 1996, no
pet.).  Rather, the testifying witness
must have knowledge of how the report was prepared.  Id.

Rule 803(6) provides that a “report
. . .  in any form of acts [or] events”
is not excluded by the hearsay rule if the proponent of the evidence otherwise
establishes the predicate for the business records exception.  Tex.
R. Evid. 803(6).  The State laid
that predicate.  See Simmons, 564 S.W.2d at 770; Desselles,
934 S.W.2d at 876.  Hill could properly
testify from the probation record without it being admitted.  See
Simmons, 564 S.W.2d at 770.  Accordingly,
the court properly overruled defense counsel’s hearsay objection.  Thus, we overrule issue one.




ISSUE
TWO: ABUSE OF DISCRETION

Jefferson asserts that the trial court abused its
discretion in revoking his probation.  He
argues that no documents were admitted into evidence and the trial court relied
solely on the testimony of Mr. Hill, which he asserts is inadmissible hearsay.  The State argues that any error in the
admission of alleged inadmissible hearsay from the file was cured when Jefferson admitted the same facts, and therefore the trial
court did not abuse its discretion in granting the motion to revoke.

A probationer’s admission that he
has violated a probationary term is sufficient evidence for the trial court to
revoke probation.  Espinoza v. State, 486 S.W.2d 315, 317 (Tex. Crim. App. 1972).  Jefferson
has admitted that he did not report for many months.  Further, the trial court properly overruled Jefferson’s hearsay objection, and the State has proven
violation of the probation condition to report to his probation officer.  Accordingly, we find the trial court did not
abuse its discretion by revoking his probation. 
See McDonald, 608 S.W.2d at
199; Espinoza, 486 S.W.2d at 317; Dunn, 997 S.W.2d at 887.  We overrule issue two.

CONCLUSION

We overrule both of Jefferson’s issues. 
Therefore, we affirm the revocation of probation.

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
concurring)

Affirmed

Opinion delivered and filed December
 29, 2004

Do not publish

[CR25]











    [1]           The probation record was not admitted
into evidence.





 

    [2]           On re-direct after a recess, Hill
discovered record of payment of $750.00 in fees.