IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00319-CR

 

Kevin Leshawn Moore

a/k/a Brandon Moore,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 396th
District Court

Tarrant County, Texas

Trial Court No. 0966038D

 



MEMORANDUM  Opinion










 

            We withdraw the opinion and judgment
dated November 14, 2007 and substitute the opinion and judgment of this date in
its place so that we may correct the information in the heading of the opinion
and judgment regarding the trial court and County from which this proceeding
originated.

            Kevin Lashawn Moore was found guilty
of murdering his sister’s boyfriend, Jeff Hill, and was sentenced to 45 years
in prison.  We affirm.

 

Background

            Moore’s sister, Lisa, had spent the
night before the offense with Hill.  The next day, Lisa and Hill had an
argument.  Lisa broke Hill’s apartment window and left the apartment, walking a
few blocks to her apartment.  Lisa’s other brothers, Brandon and Eric, happened
upon Lisa, who told them of the argument and that Hill would not let her leave
with her purse.  Lisa told them she had $800 in her purse and needed it. 
Brandon and Eric went over to Moore’s apartment to discuss retrieving the
purse.  Moore, Brandon, and Eric then went to Hill’s apartment; Moore and
Brandon armed with guns.  Eric remained in the car while Moore and Brandon went
to confront Hill.  After a few minutes, Eric heard gunshots.  Moore and Brandon
hurriedly returned to the car.  

            Neighbors also heard the gunshots and
went to Hill’s aide.  One neighbor saw Moore leaving the area.  Hill died of
multiple gunshot wounds.  He had 8 bullet entry wounds.  Two of those entry
wounds were in his back.

Rejection of Self Defense

            In his first issue, Moore argues the
evidence is factually insufficient to support the jury’s rejection of his claim
of self-defense.  Specifically, Moore contends Hill began shooting at him
first.  

            Self-defense is justified when a
person "reasonably believes" that "force is immediately
necessary to protect himself against the other's use or attempted use of
unlawful force."  Tex. Pen. Code
Ann. § 9.31(a) (Vernon 2003).  A person’s use of deadly force is
warranted where self-defense is justified under Section 9.31, a reasonable
person would not have retreated, and when deadly force is reasonably necessary to
protect himself against another's use or attempted use of deadly force.  See
Tex. Pen. Code Ann. §
9.32(a)(1)-(3) (Vernon 2003); Bumguardner v. State, 963 S.W.2d 171, 173
(Tex. App.—Waco 1998, pet ref'd).  

            When a defendant challenges the
factual sufficiency of the rejection of a defense, we review all of the
evidence in a neutral light and ask whether the State's evidence, taken alone,
is too weak to support the finding and whether the proof of guilt, although
adequate if taken alone, is against the great weight and preponderance.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 

            Moore asserts that the testimony of
Eric establishes Moore’s self defense theory.  Eric, who drove Moore and
Brandon over to Hill’s apartment, testified that Moore and Brandon said Hill
shot first.  However, Eric’s testimony was less than clear on this point. 
First Eric stated that Moore and Brandon said, “Did you see him? … He started
shooting or something.”  Then Eric stated that Brandon said, “I think he seen (sic)
my gun or something and then started shooting, that’s when [Moore] started
shooting.”  Eric further stated that Brandon pulled his gun out and Hill pulled
his gun out and started shooting.  But Eric also stated that Moore said, “…the
dude pulled his gun up and shot,” and Moore then started shooting at Hill.  

            Eric also said Moore shot Hill until
all the bullets were gone and that Brandon did not do any of the shooting. 
Eric thought Moore’s gun held 7 bullets.  The medical examiner testified that
Hill had 8 bullet entry wounds.  Two of the entry wounds were in Hill’s back.
Eric also stated that Moore started shooting, went through a window, and
started shooting again until all the bullets were gone.  Eric then stated that
Hill did not start shooting back until after the bullets were gone.  Eric said Moore was mad at Brandon because Brandon did not shoot.  Further, Moore told Eric that he
had caught Hill “slipping.”

            On cross-examination, Eric emphasized
that he told the grand jury 3 to 4 times that Hill was the first aggressor and
that Hill was wearing a .45 caliber gun.  But he also told the grand jury that
he didn’t know who fired first, that Hill started shooting back after Moore’s
bullets were gone, that Hill raised his gun and then Moore started shooting,
and that Moore said to Hill, “don’t put your hands on my sister,” and started
shooting.

            Moore also asserts, without specific
references to the record, that his expert’s testimony confirmed that the
forensic evidence was consistent with Moore’s contention that Hill fired
first.  However, the expert did not testify as to who shot first.  

            It was within the jury’s province to
resolve conflicts in the testimony.  Wesbrook v. State, 29 S.W.3d 103,
112 (Tex. Crim. App. 2000).  And in resolving those conflicts, the jury could
reasonably conclude that Moore did not act in self defense.  Accordingly,
reviewing the record under the appropriate standard, the evidence is factually
sufficient to support the jury’s rejection of Moore’s claim of self defense.  Moore’s first issue is overruled.

Excluded Testimony

            In his second and third issues, Moore complains that the trial court abused its discretion in excluding a crime scene
investigator’s testimony that he found drugs in Hill’s apartment and the
medical examiner’s testimony that Hill had ingested marijuana and cocaine prior
to his death.  Moore argues the excluded testimony supports his claim that Hill
was the first aggressor.  The trial court excluded the testimony because it was
irrelevant.

            The standard of review for a trial
court's ruling under the Rules of Evidence is abuse of discretion.  Sauceda
v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).  If the ruling was
correct on any theory of law applicable to the case, in light of what was
before the trial court at the time the ruling was made, then we must uphold the
judgment.  Id.  'Relevant evidence' means evidence having any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401. 
Evidence which is not relevant is inadmissible.  Id. 402.  

            In a hearing outside the presence of
the jury, Moore proffered testimony from the crime scene officer that he
located large amounts of marijuana in Hill’s master bedroom closet, a substance
that appeared to be crack cocaine in the hallway and on the T.V., scales, and
money in between the bed mattresses.  Moore also proffered testimony from the
medical examiner that he found marijuana and cocaine in Hill’s urine which
indicated prior use of the substances.  However, the medical examiner could not
say how long prior to the offense Hill had used the substances.  He also
testified that Hill did not have any substances in his blood and that if a
parent drug is not found in the blood, the drug has been metabolized.  The
medical examiner could not say with certainty that Hill was not under the
influence of drugs at the time of the offense.

            Moore argues that the proffered
testimony is relevant to show that Hill was the first aggressor.  Moore cites to a line of cases which hold that in the context of proving the deceased was
the first aggressor, specific, violent acts are relevant apart from showing
character conformity by demonstrating the deceased's intent, motive, or state
of mind.  See Hayes v. State, 161 S.W.3d 507 (Tex. Crim. App.
2005); Tate v. State, 981 S.W.2d 189 (Tex. Crim. App. 2003); Torres
v. State, 71 S.W.3d 758 (Tex. Crim. App. 2002).  But these cases are
inapposite.  Moore did not seek to introduce evidence of specific, violent
acts.  He wanted to introduce evidence of prior drug use and drug possession.
There is nothing in the record that connects the possession and use of
marijuana and cocaine to Hill’s alleged violent acts or that he was the first
aggressor.  The proffered testimony is irrelevant, and the trial court did not
abuse its discretion in excluding it.  Having determined the proffered evidence
was not relevant, we need not review Moore’s complaints under Rules of Evidence
403 or 404.  Moore’s second and third issues are overruled.

Conclusion

            Having overruled each issue, we affirm
the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the judgment)

Affirmed

Opinion
delivered and filed December 5, 2007

Do
not publish

[CRPM]






f]>
(3) it is Jefferson’s responsibility to submit time cards showing community
service hours and there are no time cards in the file; (4) it is customary for the
anger control program to document a probationer’s participation in the program
and there is no such documentation in Jefferson’s file; and (5) the person
performing the psychological evaluation forwards a copy for the record and
there is no copy of an evaluation in Jefferson’s file.  After this testimony, the State asked the
court, without objection by defense counsel, to take judicial notice of Jefferson’s probation file.

Jefferson testified that he never attended the anger
management program, but excuses this failure because he was confused about his
reporting to these classes and believed that the probation department would
communicate with him through the Salvation Army where he was staying.  He also believed that he fulfilled his
community service hours at the Salvation Army. 
He admitted that he missed many of his monthly reporting dates.

Jefferson argues trial court error in admitting Hill’s
testimony at the revocation hearing because Hill could not identify the
specific probation officers who made the entries in the probation file.  The State argues that Hill’s testimony was
properly admitted under the business records exception to hearsay.  See
Tex. R. Evid. 803(6), (7).  The State further argues that it offered
sufficient proof by a preponderance of the evidence to establish more than one of
the alleged violations in the motion to revoke probation.

The burden of proof in a probation
revocation hearing is a preponderance of the evidence.  Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The State must prove that the greater weight
of credible evidence would create a reasonable belief that the defendant has
violated a condition of his probation.  Scamardo v. State, 517 S.W.2d 293, 298
(Tex. Crim. App. 1974).  Appellate review
of a revocation is abuse of discretion.  McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980).  A court does not
abuse its discretion in revoking probation if one violation is proven.  Id. at 200; Dunn
v. State, 997 S.W.2d 885, 887 (Tex. App.—Waco 1999, pet. ref’d).

A probation record has probative
value in a revocation proceeding and constitutes evidence of facts or non-facts
recited in the record.  Hardman v. State, 614 S.W.2d 123, 128
(Tex. Crim. App. 1981).  If a witness
testifies that the records were kept in the regular course of business and the
officers who made the entries did have personal knowledge of the fact, the
proper predicate has been laid where the witness can testify from the probation
record.  Simmons v. State, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978).  The testifying witness for a business record
need not be the person who created the record or even have personal knowledge
of its contents.  Desselles v. State, 934 S.W.2d 874, 876 (Tex. App.—Waco 1996, no
pet.).  Rather, the testifying witness
must have knowledge of how the report was prepared.  Id.

Rule 803(6) provides that a “report
. . .  in any form of acts [or] events”
is not excluded by the hearsay rule if the proponent of the evidence otherwise
establishes the predicate for the business records exception.  Tex.
R. Evid. 803(6).  The State laid
that predicate.  See Simmons, 564 S.W.2d at 770; Desselles,
934 S.W.2d at 876.  Hill could properly
testify from the probation record without it being admitted.  See
Simmons, 564 S.W.2d at 770.  Accordingly,
the court properly overruled defense counsel’s hearsay objection.  Thus, we overrule issue one.




ISSUE
TWO: ABUSE OF DISCRETION

Jefferson asserts that the trial court abused its
discretion in revoking his probation.  He
argues that no documents were admitted into evidence and the trial court relied
solely on the testimony of Mr. Hill, which he asserts is inadmissible hearsay.  The State argues that any error in the
admission of alleged inadmissible hearsay from the file was cured when Jefferson admitted the same facts, and therefore the trial
court did not abuse its discretion in granting the motion to revoke.

A probationer’s admission that he
has violated a probationary term is sufficient evidence for the trial court to
revoke probation.  Espinoza v. State, 486 S.W.2d 315, 317 (Tex. Crim. App. 1972).  Jefferson
has admitted that he did not report for many months.  Further, the trial court properly overruled Jefferson’s hearsay objection, and the State has proven
violation of the probation condition to report to his probation officer.  Accordingly, we find the trial court did not
abuse its discretion by revoking his probation. 
See McDonald, 608 S.W.2d at
199; Espinoza, 486 S.W.2d at 317; Dunn, 997 S.W.2d at 887.  We overrule issue two.

CONCLUSION

We overrule both of Jefferson’s issues. 
Therefore, we affirm the revocation of probation.

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
concurring)

Affirmed

Opinion delivered and filed December
 29, 2004

Do not publish

[CR25]











    [1]           The probation record was not admitted
into evidence.





 

    [2]           On re-direct after a recess, Hill
discovered record of payment of $750.00 in fees.