

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00228-CR

ADAM ARISTA,

                                                        Appellant

 v.

THE STATE OF TEXAS,

                                                        Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. 31,206-CR

## MEMORANDUM  OPINION

The trial court revoked Adam Arista's community supervision for aggravated assault with a deadly weapon and sentenced him to twelve years in prison.  In two issues, Arista contends that the trial court abused its discretion by finding by a preponderance of the evidence that he violated the terms of community supervision where he pleaded "not true" to the State's allegations and presented defenses to the allegations.  We affirm.

A trial court's revocation order is reviewed for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Id.* at 763-64. This burden is met where the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his probation. *See id*. In a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to give their testimony. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *see also Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

The motion to revoke alleged that Arista failed to: (1) report to his community supervision officer every thirty days; (2) report address changes to his community supervision officer; (3) pay community supervision fees; and (4) pay court costs. At the revocation hearing, the trial court entered a plea of "not true" on Arista's behalf.

Community supervision officer Debra Roberts testified that Arista was transferred to the Tarrant County supervision office because he resided in Fort Worth. Tarrant County supervision officer Pamela Young informed Roberts that Arista failed to report in June, July, and August 2007. Attempts to contact Arista at his Fort Worth residence were futile. Young left a card at Arista's door. Arista contacted Young in June and scheduled an appointment, but failed to report. Roberts testified that Arista has paid no fees or court costs.

Arista testified that he failed to report once, learned that his girlfriend was pregnant, and quit reporting because he expected to be placed in jail for failing to

report. He turned himself in after the birth. He denied contacting his supervision officer in June or being in contact with anyone from the supervision office. He further testified that no one came to his home, left a card at his home, or attempted to contact him. Although employed, Arista claimed that he was unable to make payments because he was assisting his sister and supporting his girlfriend financially. He denied moving from the Fort Worth address that he had given to the supervision office.

Arista testified that he did not understand the conditions of community supervision. He claimed that he was only informed of the condition regarding anger management classes and was not told to perform community service. He stopped attending classes when he quit reporting. He also had no transportation. He testified that he now has a job that would enable him to make payments and he has a car for transportation. The trial court found all but the address change allegation to be "true."

As to the first of the State's allegations, Arista admitted failing to report to his supervision officer. He offered no explanation for his failure to report, but admitted that he "blew [the conditions] off" and had no excuse. His admission alone is sufficient to support revocation. *See Espinoza v. State*, 486 S.W.2d 315, 317 (Tex. Crim. App. 1972). However, Arista contends that he raised defenses to the State's allegations. Although he does not identify the specific defenses on which he relies, his testimony at the revocation hearing raised issues as to his lack of transportation, his understanding of the conditions, and due diligence on the part of community supervision officers.

First, the record does not establish that Arista had no available means of transportation. He testified that his sister drove him to work. *See Black v. State*, No. 14-

04-00471-CR, 2005 Tex. App. LEXIS 5849, at *1 (Tex. App.—Houston [14th Dist.] July 28, 2005, no pet.) (not designated for publication) (Black's "testimony that he was unable to comply with conditions does not greatly outweigh the evidence in the record that transportation was, in fact, available to him.").

Second, the record contains evidence controverting Arista's claims that the conditions were not explained to him. He admitted that the conditions were explained by his attorney, the judge, and a supervision officer. He also admitted testifying that he understood the conditions. Both Roberts and supervision officer Scott Heaton confirmed that the conditions were reviewed with Arista. Arista signed a statement acknowledging that the conditions were read and explained to him and that he understood them. *See Jones v. State*, 176 S.W.3d 47, 51 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (rejecting argument that conditions were not explained, as Jones received a written copy of the conditions and acknowledged receiving them).

Third, Arista denied being contacted by community supervision officers. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24 (Vernon Supp. 2008).[1] Yet, the trial court heard contrary testimony from Roberts. The record also contains two letters from

---

[1]    The due diligence defense states:

For the purposes of a hearing under Section 5(b) or 21(b), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24 (Vernon Supp. 2008).

Young, mailed to Arista's Fort Worth address, advising Arista of his failure to report and requesting that he contact her. *See Antwine*, 268 S.W.3d at 637 (When Antwine quit reporting, his supervision officer attempted to contact him at his last known address).

The only other defense raised addresses Arista's inability to pay the fees and costs imposed by the community supervision order. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §21(c) (Vernon Supp. 2008).[2] However, in order to obtain a reversal, Arista "must successfully challenge *each* finding on which the revocation is based." *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd) (emphasis added). Proof of "any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order." *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). Because the evidence is sufficient to support revocation of Arista's community supervision for failure to report, we need not address the inability to pay defense.

Accordingly, we overrule Arista's sole issue and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed March 4, 2009
Do not publish
[CR25]

---

[2] When the State alleges that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs, it must "prove by a preponderance of the evidence that the defendant *was able to pay and did not pay* as ordered by the judge." TEX. CODE CRIM. PROC. ANN. art. 42.12 §21(c) (Vernon Supp. 2008) (emphasis added).