NO. 07-11-00389-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2012

_____

KRISTOPHER BLUNTZER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-425,659; HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Kristopher Bluntzer, appeals the judgment of the trial court revoking his community supervision and sentencing him to two years in a State Jail Facility (SJF) on each of the two counts of theft to which appellant had initially pleaded guilty.  We will modify and affirm the judgment of the trial court as modified.

Factual and Procedural Background

Appellant was indicted in one indictment with two separate counts of theft of property of the value of $1,500 but less than $20,000.  Appellant entered a plea of guilty

as to each count on May 3, 2010, and was placed on community supervision for a period of four years. At appellant's request, supervision of his probation was transferred to DeWitt and Victoria Counties of Texas.[1] Subsequently, the State filed a motion to revoke appellant's community supervision alleging that appellant had violated a number of his terms and conditions of community supervision. Specifically, the State alleged that appellant had violated:

Condition (a), by committing the offense of credit/debit card abuse;

Condition (d), by failing to report for the month of April 2011;

Condition (g), by leaving DeWitt County and by leaving the State without permission;

Condition (k1), by becoming delinquent in the amount of $120.00 in paying supervision fees;

Condition (k2), by becoming delinquent in the amount of $57.27 in paying restitution;

Condition (n), by failing to complete 15 hours of community service;

Condition (s), by failing to abide by the curfew imposed from 12:00 midnight until 6:00 a.m.;

Condition (u), by failing to attend and complete, within 120 days of judgment, a theft program.

Appellant entered a plea of not true.

The State offered the testimony of Florita Buchanan, the community supervision officer charged with supervising appellant's out-of-county probation. Buchanan was

---

[1]DeWitt and Victoria Counties are adjoining counties that share a community supervision department.

2

permitted to testify from the "chronos"[2] as entered by the supervision officer who had direct supervision over appellant in DeWitt and Victoria Counties. Pursuant to the "chronos," appellant admitted taking a trip outside the State of Texas without first obtaining permission from the community supervision department. Likewise, the "chronos" revealed that appellant did not report for the month of April 2011 and was not current in the payment of his supervision fees and restitution at the time the motion to revoke was filed. Additionally, the records revealed appellant had violated his curfew at the time he was outside the State of Texas. Finally, the "chronos" revealed appellant had not completed the theft class at the time the motion to revoke was filed. At the outset of Buchanan's testimony, appellant objected, contending that the "chronos" were hearsay and that he did not have the opportunity to cross-examine the writer of the events. The trial court overruled the objection.

The State also presented the testimony of Jennifer Foxell, appellant's fiancée. Foxell testified that appellant did take a trip outside the State of Texas to Pennsylvania. Further, Foxell testified that she and appellant went to Port Aransas, Texas, and agreed that the date of March 19, 2011, seemed to be the correct day they were there.

The State also furnished the testimony of Peter Dlugosch. Dlugosch is appellant's uncle and had been appellant's employer. It was a credit card belonging to Dlugosch's business that was the subject of the new offense of credit/debit card abuse. Dlugosch testified that the truck appellant had operated for his business had a credit

---

[2] The term "chronos" refers to the chronology of events set out in the records from the probation department. Normally, "chronos" include each and every office, field, or collateral contact the probation office has with a probationer.

3

card assigned to it. The testimony reflected that this was credit card number 13. The credit card receipts indicated that this credit card was used to purchase significant quantities of fuel during a February trip that appellant took to Pennsylvania. However, there was no testimony that appellant, as opposed to appellant's friend, Austin Martinez, who was with appellant on the trip, had been the person to present the credit card for the fuel purchases. Yet, the exhibits of the credit card purchases did include three purchases in Port Aransas, Texas, on March 19, 2011.

Appellant did not testify; however, he presented the testimony of Calvin Pape, a former co-worker at Dlugosch's and an employee of appellant's. The main thrust of Pape's testimony was that the credit cards were not controlled in the manner that Dlugosch had testified and, because of this, it was hard, if not impossible, to ascertain who had actually used the cards. Additionally, he testified about his perceptions of why Dlugosch had chosen to pursue the credit/debit card abuse case against appellant.

Additionally, appellant's mother and Dlugosch's sister, Linda Dlugosch, testified for appellant. She testified that Dlugosch was not to be trusted and that his pursuit of the credit/debit card charges against appellant was due singularly to appellant's having stood up to him.

After hearing this evidence, the trial court revoked appellant's community supervision on both counts and sentenced appellant to two years in an SJF on each of the counts. Appellant has appealed, contending that the trial court abused its discretion in revoking his community supervision because the evidence was insufficient to support the revocation. We disagree and affirm the trial court's judgment.

4

A revocation of community supervision is neither criminal nor civil in nature, but, rather, an administrative action. See Canseco v. State, 199 S.W.3d 437, 438 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd) (citing Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993)). A trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. Id. at 439. A trial court abuses its discretion in revoking community supervision only when the State has failed to meet its burden of proof. See Cardona v. State, 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984) (en banc). The State's burden of proof in a revocation of community supervision is by a preponderance of the evidence. See Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). In other words, the greater weight of the credible evidence must create a reasonable belief that the appellant violated a term and condition of his community supervision. See id at 763-64. Proof of violation of a single violation is sufficient to support a revocation order. Canseco, 199 S.W.3d at 439.

## Analysis

Appellant's sufficiency of the evidence argument is grounded on one contention: that the testimony of Buchanan and the admission of the "chronos" violated the Texas Rules of Evidence prohibition against the use of hearsay. See TEX. R. EVID. 802.[3] Appellant seems to imply an objection on the basis of the confrontation clause to the United States Constitution; however, just as quickly, he then admits that the case law

---

[3] Further reference to the Texas Rules of Evidence will be by reference to "Rule __" or "rule __."

says that a revocation proceeding is not considered a stage of a criminal prosecution but rather an administrative proceeding. <u>See</u> U.S. CONST. amend. VI; <u>Smart v. State</u>, 153 S.W.3d 118, 120-21 (Tex.App.—Beaumont 2004, pet. ref'd) (citing <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Thus, the rule regarding confrontation espoused in <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply in the revocation of community supervision arena. <u>Smart</u>, 153 S.W.3d at 121.

Accordingly, appellant is left with his objection on the grounds that the "chronos" are hearsay and, therefore, inadmissible evidence. However, appellant is erroneous in his contention that the "chronos" are inadmissible hearsay. Rule 803(6) excepts from the definition of hearsay the following:

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . . "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

<u>See</u> Rule 803(6). Further, the authentication requirement does not mean the person testifying must be either the creator of the record or to have personal knowledge of the record. <u>Canseco</u>, 199 S.W.3d at 440. Thus, the testifying witness need only have knowledge of how the record was prepared. <u>Id</u>. Once this predicate is laid, the community supervision file is properly admissible. <u>Id</u>. (citing <u>Simmons v. State</u>, 564 S.W.2d 769, 770 (Tex.Crim.App. 1978)).

6

In the case before the Court, Buchanan testified that: 1) she was the custodian of the records in question, 2) that the records were kept in the normal course of the Community Supervision department's business, 3) the entries were made by someone who had knowledge of the records, and 4) the entries were made at or near the time of occurrence. From this testimony, the records were proven up to be "records of regularly conducted activity" and, therefore, a recognized exception to the hearsay rule. Rule 803(6). By these records, the State offered proof of appellant's failure to report per condition (d); failure to remain in Lubbock, DeWitt, or Victoria Counties per condition (g); failure to pay the supervision fees as ordered per condition (k1); failure to pay restitution as ordered per condition (k2); failure to complete 15 hours of community service per condition (n); failure to abide by the prescribed curfew per condition (s); and failure to complete the theft class within 120 days of entry of the judgment per condition (u).

However, even if the trial court was in error about the admissibility of the "chronos," through the separate testimony of Foxell and the records of Dlugosch's company, the State proved the violations of condition (a), commission of a new offense. Foxell testified that she and appellant took a trip to Port Aransas on March 19, 2011. The records of Dlugosch's company show that the credit card to which appellant had previously had access, number 13, was used on three occasions in Port Aransas on that day. Further, the testimony of Foxell was sufficient to show a violation of the following terms and conditions: condition (g)'s failure to remain within Lubbock, DeWitt, and Victoria Counties and condition (s)'s failure to abide by the prescribed curfew. Remembering that proof of only one violation is sufficient to sustain the trial court's

7

judgment to revoke community supervision, we overrule appellant's issue.  <u>See id</u>. at 439.

## Judgment Entered

After finding the allegations against appellant true, the trial court made the following pronouncement of sentence.

> Your probation is revoked.  Your punishment is assessed in each count.  There are two counts of - - - that - - which you pled guilty to.  The Court assesses your punishment in each count at two years in a state jail.

However, the written judgment carries no notation about the counts nor that appellant was sentenced to two years on each count.  The judgment does have a notation that the sentences are to run concurrently.  The record supports the trial court's pronouncement because there is a separate judgment placing appellant on community supervision for each of the two counts contained in the indictment.  Further, appellant executed plea documents to enter pleas of guilty as to each of the counts.  Finally, the motion to revoke refers to the separate pleas as to each count.

When, as here, the oral pronouncement of sentence varies from the written judgment, the oral pronouncement of sentence controls.  <u>Coffey v. State</u>, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998).  Therefore, the trial court's pronouncement that appellant's community supervision was revoked as to each count controls.  As a Court of Appeals, we are authorized to issue an opinion that modifies the trial court's judgment.  <u>See</u> Tex. R. App. P. 43.2(b); <u>French v. State</u>, 830 S.W.2d 607, 609 (TexCrim.App. 1992) (en banc).  Therefore, we modify the judgment of the trial court to

8

reflect that appellant's community supervision was revoked as to Counts I and II, for which appellant had been placed on community supervision.  Appellant is sentenced to two years in an SJF on each count with all terms of confinement to run concurrently.

Conclusion

Having overruled appellant's issue, we affirm the trial court's judgment as modified.

Mackey K. Hancock<br>
Justice

Do not publish.