# NO. 12-14-00294-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACKIE MAE CORNWELL,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jackie Mae Cornwell appeals the revocation of her community supervision. In two issues, Appellant argues that the testimony of the community supervision officer was inadmissible. We affirm.

### BACKGROUND

Appellant was charged by information with burglary of a vehicle, a Class "A" misdemeanor, and entered a plea of "guilty" to the offense charged. Appellant and her counsel signed a document entitled "Waiver of Jury Trial and Plea of Guilty" in connection with her guilty plea. The trial court accepted Appellant's plea, adjudged Appellant guilty of the offense of burglary of a vehicle, and assessed Appellant's punishment at one hundred eighty days of confinement and a $700.00 fine. However, the trial court ordered that imposition of Appellant's punishment be suspended and that she be placed on community supervision for one year.

Later, the State filed a motion to revoke Appellant's community supervision, alleging that Appellant had violated its terms. At the hearing on the motion, Appellant pleaded "not true." Thereafter, the trial court found the State's allegations in its motion to be "true," revoked Appellant's community supervision, and assessed her punishment at one hundred twenty days of confinement and a $700.00 fine. This appeal followed.

In two issues, Appellant argues that the community supervision officer's testimony was inadmissible because he did not have personal knowledge of her compliance with the conditions of her community supervision and because her community supervision file was not "proved up" under the business records predicate.

**Standard of Review**

A trial court has considerable discretion in determining whether to exclude or admit evidence. *See **Montgomery v. State***, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); ***State v. Dudley***, 223 S.W.3d 717, 724 (Tex. App.—Tyler 2007, no pet.). Absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence. *See **Martin v. State***, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *See **Weatherred v. State***, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *see also **Martin***, 176 S.W.3d at 467 (holding judgment must be upheld if ruling was correct on any theory of law applicable to case in light of what was before trial court at time ruling was made).

**Applicable Law**

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. TEX. R. EVID. 602. Generally, community supervision officers may testify from their department's records if the proper predicate is laid. *See **Simmons v. State***, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978); ***Canseco v. State***, 199 S.W.3d 437, 439–40 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Records of regularly conducted activity are not excluded by the hearsay rule even though the declarant is available as a witness. TEX. R. EVID. 803(6). A record of a regularly conducted activity is

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, [ ] unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX. R. EVID. 803(6).

**Analysis**

At the hearing, Matt Davenport, a supervisor for misdemeanor offenses with Wood County Community Supervision and Corrections, testified that he had been the supervisor for approximately one year. He stated that he was the custodian of records for all misdemeanor offenders who were on community supervision, and had knowledge of Appellant's community supervision from these records. Davenport said that as part of his job, he was required to review all the records of anyone on community supervision, including Appellant. He testified that he kept these records, including Appellant's, in the regular course of business. According to Davenport, he kept these records locked in his office, and was a person with knowledge about the events and items recorded in the community supervision records.

Davenport testified regarding Appellant's community supervision, and specifically her compliance with community service and payments of fines, court costs, and court appointed counsel. However, he was not the supervisor when Appellant began her community supervision, did not manage Appellant's case, and was not her community supervision officer.

Appellant argues in her first issue that Davenport's testimony was inadmissible because he did not have personal knowledge of her community supervision compliance. *See* TEX. R. EVID. 602. However, Davenport's testimony showed that he was custodian of the misdemeanor community supervision and had personal knowledge of the events and items recorded in those records. He was able to identify the specifics of Appellant's community supervision as well as testify to exactly which conditions she had violated. From this evidence, we conclude that Davenport demonstrated his personal knowledge of Appellant's community supervision compliance. Therefore, the trial court did not abuse its discretion in admitting his testimony. Appellant's first issue is overruled.

Appellant contends in her second issue that Davenport's testimony was inadmissible because her file was not "proved up" under the business records predicate. *See* TEX. R. EVID. 803(6). To preserve an issue for review, a party must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. TEX. R. APP. P. 33.1(a)(1)(A). Here, Appellant first made a hearsay objection to Davenport's testimony regarding the fines Appellant currently owed based on the community supervision records. The State replied that Davenport maintained these records and reviewed them for his job. Then,

Appellant stated that there was "no predicate that these records are . . . ." The trial court interrupted Appellant and overruled her objection. Later, Davenport was asked if Appellant paid a fee to the community supervision and corrections department. Again, Appellant objected that the State had not laid the proper predicate for a business record. The trial court overruled her objection.

Objecting on the basis that no predicate has been laid is a general objection that lacks the specificity necessary to advise the trial court of the basis for the objection. *See Smith v. State*, 683 S.W.2d 393, 403–04 (Tex. Crim. App. 1984). Such an objection fails to preserve the issue for review. *Id*. In her objection, Appellant did not inform the trial court how the predicate for the community supervision records was deficient. Therefore, she failed to preserve this issue for review. *See* TEX. R. APP. P. 33.1(a)(1). Appellant's second issue is overruled.

## DISPOSITION

Having overruled both of Appellant's issues, we *affirm* the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered June 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2015

NO. 12-14-00294-CR

**JACKIE MAE CORNWELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court

of Wood County, Texas (Tr.Ct.No. 35906)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*