**Affirmed and Memorandum Opinion filed October 3, 2023**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00609-CR

**JAMIE MICHAEL BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CR-2164**

## MEMORANDUM OPINION

Appellant Jamie Michael Brown appeals the revocation of his deferred-adjudication community supervision. Following revocation, the trial court adjudged appellant guilty of the first-degree felony of aggravated sexual assault of a child and assessed punishment at imprisonment for eleven years. Tex. Pen. Code Ann. 22.021(a)(2)(B). In two issues we construe as one, appellant contends that his trial counsel was ineffective because counsel did not object when a custodian of records from the probation department testified from appellant's probation file,

which was not in evidence, about violations of the terms of his deferred community supervision. We affirm.

## I. BACKGROUND

As part of his 2019 plea agreement with the State, appellant received deferred-adjudication community supervision for ten years. Tex. Code Crim. Proc. Ann. art. 42A.053(a)(1). Appellant's community supervision was subject to conditions, including reporting monthly to a supervision officer, attending sex offender treatment until successfully discharged, performing 320 hours of community service at a rate no fewer than sixteen hours a month, paying $60.00 a month as a community supervision fee, paying $5.00 per month to the Sexual Assault Program Fund, and paying $10 per substance abuse test to reimburse the cost of drug/alcohol screening.

In May 2020, the State filed a motion to adjudicate appellant's guilt, alleging that appellant had violated the conditions of his community supervision by failing to (1) report to his supervision officer in April 2020; (2) complete sex offender treatment, having been unsuccessfully discharged from it on April 21, 2020; (3) perform community service at the specified rate; (4) pay his community supervision fee, accruing an arrearage of $595.00; (5) pay the sexual assault program fund; and (6) pay $10 of his drug/alcohol fee. Appellant pleaded not true to the State's allegations.

The trial court held a hearing on the State's motion to adjudicate guilt and found the State's allegations to be true. The trial court signed a judgment adjudicating appellant guilty of the first-degree felony of aggravated sexual assault of a child and sentenced appellant to eleven years imprisonment. This appeal followed.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

In two issues that we construe as one, appellant contends that his trial counsel was ineffective because counsel did not object when a custodian of records from the probation department testified from appellant's probation file, which was not in evidence, about violations of the terms of his deferred community supervision. The State responds that appellant has not established that his counsel acted deficiently or that appellant was prejudiced by admission of testimony from the custodian of records.

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prove a claim of ineffective assistance an appellant must establish by a preponderance of the evidence that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We analyze the prongs from *Strickland* in the order best suited to review of appellant's issue. *See Strickland*, 466 U.S. at 687; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

In considering an ineffective assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and was motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814; *Pham v. State*, 595 S.W.3d 769, (Tex. App.—Houston [14th Dist.] 2019), *aff'd*,

3

639 S.W.3d 708 (2022).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Robertson*, 187 S.W.3d at 483.

At the hearing on the State's motion to adjudicate appellant's guilt, the State called Benjamin Wilson, a court liaison officer with the Galveston County Community Supervision and Corrections Department. Wilson was also the custodian of records for the probation office. He testified that the department maintains a file on each offender to document the facts of the case, the probationer's monthly meetings, treatments, drug testing, and "chronologicals," which are notes entered by probation officers about goals, probation requirements, financial information, community service performed, and drug test results. The documentation is extensive so that any probation officer assigned to the case can supervise the probationer. Thus, although Wilson had not been one of the appellant's supervisors, he could check the conditions of appellant's probation—and whether appellant had met those conditions—from the file.

The Court of Criminal Appeals has concluded that probation department records qualify as business records, provided that a proper predicate is laid. *See*

4

*Simmons v. State*, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978). Business records, as records of regularly conducted activity, are exceptions to the hearsay rule if the requisites of Texas Rule of Evidence 803(6) are met. Tex. R. Evid. 803(6). Once this proper predicate is established, it is not error to allow a witness to testify from the probation department records. *See Simmons*, 564 S.W.2d at 770*; Canseco v. State*, 199 S.W.3d 437, 439–40 (Tex. App.—Houston [1st Dist.] 2006, pet ref'd).

In this case, we need not determine whether the State established the proper predicate for the probation records under Rule 803(6) or whether the performance of appellant's trial counsel fell below an objective standard of reasonableness relating to the witness's use of the probation department records. Instead, we address the second prong of the *Strickland* standard and conclude there is no reasonable probability that but for counsel's purported deficiency the result of the proceeding would have been different. *See Thompson*, 9 S.W.3d at 813.

In a hearing concerning revocation of deferred-adjudication community supervision, proof of a single violation is sufficient to support revocation. *Anderson v. State*, 621 S.W.2d 805, 805 (Tex. Crim. App. 1981). At the hearing on the State's motion to revoke, the State called a second witness, Norma Gamez-Paquin, a licensed counselor who provided sex offender treatment to appellant. Ms. Gamez-Paquin testified that sex offender treatment takes place once a week in a structured, four-phase program, often over a period of years, until the sex offender successfully completes the program. She first saw appellant on December 8, 2019, in a group therapy session. However, appellant's attendance at his sex offender treatment was sporadic. Out of twenty group sessions, he missed eight. Generally, he missed one session a month, but in March 2020, he missed two consecutive sessions. Appellant's last attendance was March 17, 2020, and he then stopped attending. Ms. Gamez-Paquin also testified that appellant never progressed in his

treatment, instead remaining in denial about his offense. A team that included Ms. Gamez-Paquin decided to terminate appellant from the program for absences, lack of progress, and his "complete denial." On April 21, 2020, she co-signed a letter addressed to appellant that he was "unsuccessfully discharged" from sex offender treatment.

The conditions of appellant's deferred-adjudication community supervision required him to attend sex offender treatment and comply with all program guidelines "until successfully discharged." Because Ms. Gamez-Paquin's testimony established a violation of the conditions of appellant's community supervision, her testimony alone provided sufficient evidence for the trial court to grant the State's motion to revoke. *See Anderson*, 621 S.W.2d at 805; *cf. Shah v. State*, 414 S.W.3d 808, 812 (Tex. App.—Houston [1st Dist.] 2013, pet ref'd.) (stating it is well established that the testimony of a sole witness may constitute legally sufficient evidence to support a conviction). Appellant has thus not met the second prong of *Strickland*, that the result of the proceeding would have been different but for his trial counsel's purported errors regarding testimony from the State's first witness. *See Strickland*, 466 U.S. at 694.

We overrule appellant's issue and affirm the trial court's judgment.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish—TEX. R. APP. P. 47.2(b).

6